CHARLES E. UPTON, APPELLANT, v. THE NEW YORK AND ERIE BANK, GEORGE S. HAZARD, RECEIVER OF SAID BANK, THE ERIE COUNTY SAVINGS BANK AND THE BUF-FALO SAVINGS BANK, RESPONDENTS.

*Chap. 371 of 1875 — priority given to deposits made by savings bank with other banks — applies to deposits made prior to 1875, and interest thereon.*

Section 48 of chapter 371 of the Laws of 1875, providing that the assets of any insolvent bank shall, after payment of its circulating notes, be applied to the payment of any sums that may have been deposited with it by any savings corporations, applies to deposits made by savings corporations prior to, as well as to those made after the passage of the said act.

An agreement was made between the New York and Erie Bank and a savings bank, by which the former agreed in consideration that the said savings bank would deposit its moneys with it, that it would pay all such deposits as had been or should thereafter be made on call, and in such sums as said savings bank might require, with six per cent interest. The president and cashier of the bank individually guaranteed the performance of the contract. Deposits were accordingly made in pursuance of said agreement, and a pass book similar to those given to ordinary depositors was given to the savings bank.

*Held,* that this was not a *loan* of the money to the bank, but a *deposit* within the meaning of that term as used in the aforesaid act.

*Payne* v. *Gardiner* (29 N. Y., 146), followed.

The preference given to the deposits themselves also extends to the interest due upon them.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The New York and Erie Bank was incorporated under the general banking law of this State, passed in 1849, having all the powers conferred by that act on corporations created under it. It was located and did business in the city of Buffalo until the 6th of September, 1875, when it became insolvent, and the defendant Hazard was appointed its receiver. The Erie County Savings Bank and the Buffalo Savings Bank were duly incorporated and doing business in Buffalo, and had been for several years prior to the commencement of this action.

On the 20th of May, 1868, an arrangement was entered into between the New York and Erie Bank of Buffalo and the Erie

County Savings Bank, by which the former agreed, in consideration that the said savings bank would deposit its moneys with the latter, it would pay all deposits which it had made or should thereafter make on call, and in such sums as said savings bank might require, with six per cent interest. The president and cashier of the New York and Erie Bank, in their individual capacities, guaranteed to the savings bank the performance of the agreement of the New York and Erie Bank.

On the 4th of September, 1866, the New York and Erie Bank entered into substantially the same arrangement with the Buffalo Savings Bank, and the performance of that agreement was guaranteed by its president and cashier, in their individual capacities, in writing under their hands and seals.

Both savings banks made deposits with the New York and Erie Bank subsequent to their respective agreements down to the 7th of May, 1875. On that day the New York and Erie Bank was indebted to the Erie County Savings Bank in the sum of $20,000, for money deposited with it. And it was indebted on the same day to the Buffalo Savings Bank in the sum of $20,000. On the day last mentioned the legislature passed an act to conform the charters of all savings banks to a uniformity of powers, etc., and to provide for the organization of savings banks and for other purposes.

By the twenty-seventh section of said act the trustees of savings banks were authorized to deposit a certain portion of the moneys deposited with them, in any bank or banking association in this State organized under any law of the State.

By the forty-eighth section it is provided that all the assets of any bank or banking association that shall become insolvent shall, after providing for the payment of its circulating notes, be applied by its officers or receivers, in the first place, to the payment in full of any sums deposited therewith by any savings corporation, not exceeding the amount that the savings bank is by law authorized to invest in banks or banking associations.

Prior to the 7th day of September, 1875, the Erie Savings Bank had reduced its deposit to the sum of $16,300. The amount due from the New York and Erie Bank to the Buffalo Savings Bank was not reduced between the 17th of May and 6th of September, 1875, but was increased by the accumulation of interest to that date.

The Savings Bank received from the New York and Erie Bank pass books such as were delivered by it to its other depositors. No deposits were made by either savings banks after the 19th of May, 1875. On the 6th of September, 1875, the firm of Delano & Co. were creditors of the New York and Erie Bank in the sum of $14,605.85. On the 17th of May, 1875, Delano & Co. were creditors of the New York and Erie Bank in the sum of $4,164.82 ; and between that date and the sixth of September, they had deposited the sum of $38,939,02, and had drawn out $29,839.10 ; and on the 8th of June they had a balance to their credit of $1,632.02. On the 11th of May, 1876, Delano & Co. recovered a judgment against the New York and Erie Bank for $14,685.85, damages and costs, and on the same day assigned the same to the plaintiff.

The savings banks claim and insist that they are entitled to receive from the assets of the New York and Erie Bank, the whole balance due them as depositors in said bank, with interest, till the date of such payment. The plaintiff and other creditors of the New York and Erie Bank, of whom there is a large number, claim and insist that the savings banks are not entitled to a preference in payment for moneys deposited before the passage of the act of 1875, but are entitled to a *pro rata* share with the other creditors of the insolvent bank. The receiver not yielding to the claim of the plaintiff, this action was brought in order to obtain the judgment of the court that the receiver shall not allow the claim of the savings banks to a preference for the whole amount of their indebtedness, and directing him to pay, as claimed by the plaintiff, to said banks and the other creditors of said insolvent bank as above stated.

After hearing the parties, the court at Special Term ordered judgment, that the receiver pay to the savings banks the amounts due to them with interest, in preference to all other claims, and dismissed plaintiff's complaint with costs.

The plaintiff appeals.

*A. G. Rice,* for the appellant.

*G. W. Clinton,* for the Erie County Savings Bank, respondent.

*O. H. Marshall* and *Spencer Clinton,* for the Buffalo Savings Bank, respondent.

MULLIN, P. J.:

In order to arrive at a satisfactory solution of the questions arising on this appeal, it is necessary to determine whether the delivery of the money by the savings banks to the New York and Erie Bank was by way of loan or deposit, as if it was the former, the banks are not entitled to a preference in payment by the receiver. (*Rosenback* v. *The Manufacturers and Builders' Bank*, 17 N. Y. S. C. [10 Hun], 148.)

It will be seen that the New York and Erie Bank and the savings banks entered into an agreement for deposits by the latter in the former. Loans are not mentioned, nor does it appear that they were contemplated. Pass books such as were given to all other depositors were delivered to, and used by, the savings banks. The parties obviously understood that the moneys of the savings banks were left with the New York and Erie Bank as deposits, and not otherwise. I had occasion in the case of *Payne* v. *Gardiner* (29 N. Y., 146) to attempt to draw the distinction between a loan and a deposit, and I came to the conclusion that such a distinction exists, and it is unnecessary to repeat the views there expressed; and within the principles decided in that case, the transactions between the New York and Erie Bank and the two savings banks were deposits and not loans.

It is urged by the appellant's counsel that under the provisions of the act of 1875, the savings banks are not entitled to a preference for any deposits made prior to its passage. The act makes no such distinction. Preference is given for all sums deposited without regard to the time of making the deposit. It is urged, however, that in construing the statute it must be held to operate prospectively and not retrospectively, and hence all deposits made prior to its passage must be held not entitled to a preference under it. The act was intended to, and in terms does apply to all existing savings banks, and to all that should thereafter be created. It alters existing charters; it brings all savings banks under one uniform system, and requires all to conform to the new conditions and provisions. There is not a particle of evidence in the act, that all or any of the provisions of it should not operate upon all existing banks and upon all their operations. It was within the power of the legislature to give the savings banks the preference; it violated no con-

tract; it disturbed no vested right. It had the power to alter and amend the charters of these institutions at pleasure, and as it was competent for the New York and Erie Bank to give to the savings banks this preference, the legislature could authorize and compel the insolvent bank or its receiver to give the preference.

The savings banks are entitled to have a preference for the interest upon the deposits. The interest is an incident of the debts, grows out of them, and, when due, is a part of them. No reason is perceived why a distinction should be made between them.

The judgment must be affirmed with costs.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed with costs.